Robert A. Naeve (State Bar No. 106095)
Email: rnaeve@jonesday.com
Steven M. Zadravecz (State Bar No. 185676)
Email: szadravecz@jonesday.com
John P. Migliarini (State Bar No. 266920)
Email: jpmigliarini@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant
GODIVA CHOCOLATIER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KRISTIE GHAZAL, | **CASE NO. CV10-7840 R(JCx)** |
|---|---|
| Plaintiff, | |
| v. | **ORDER PURSUANT TO STIPULATION OF THE PARTIES FOR PROTECTIVE ORDER** |
| GODIVA CHOCOLATIER, INC., a California corporation; and DOES 1 through 50, inclusive, | |
| Defendant. | |

Having read and considered the parties' Stipulation Regarding Confidential Information, the Court finds good cause for entry of the requested order.

This is a discrimination, harassment, and retaliation action brought by plaintiff Kristie Ghazal ("Ghazal") against defendant Godiva Chocolatier, Inc. ("Godiva"). The litigation of this Action may require the parties to disclose information that contains proprietary, confidential, private, commercially sensitive, or otherwise non-public information. If such information is disclosed or disseminated in an unprotected manner, it may cause substantial harm to Godiva,

Ghazal, and other persons or entities. To protect such information from unauthorized disclosure outside of this Action, the parties stipulate to the following Protective Order:

    1.    <u>Definitions</u>.  As used in this Protective Order:

    A.    The term "Material" means any written, reported, or graphic matter, regardless of the manner stored, produced, or reproduced, and includes but is not limited to documents, electronically stored information, or tangible things produced during discovery or otherwise; information obtained from the inspection of premises, documents, electronically stored information, or tangible things; testimony at depositions upon oral examination or upon written questions; answers to interrogatories; answers to requests for admission; and information set forth in responses to discovery requests.

    B.    The term "Action" means the case entitled *Kristie Ghazal v. Godiva Chocolatier, Inc.*, currently pending in the United States District Court for the Central District of California, Case No. CV10-7840 R(JC**x**).

    C.    The term "Confidential" means any Material or information that Godiva or Ghazal properly designates as confidential as provided by this Protective Order.

    2.    <u>Designate Of Material As Confidential</u>.

    A.    The parties may designate as Confidential any Material that contains proprietary, confidential, private, or commercially sensitive information that they reasonably believe should be subject to the terms of this Protective Order.

    B.    For Material in documentary form (other than transcripts of depositions or other proceedings), the parties may designate such Material as Confidential at the time of production of such Material by stamping or labeling the first page of each such document with the following legend:

**"Confidential"**

(or by such other designation that will clearly identify the marked documents as Confidential and subject to the terms of the Protective Order)

C.    For Material in some form other than documentary, the parties may designate such Material as Confidential by stamping or labeling the exterior of the container(s) in which the Material is stored with the legend that appears in paragraph 2.B, above.

D.    For any Material (other than transcripts of depositions or other proceedings) that the parties previously produced or disclosed without designating it as Confidential, the parties may designate such Material as Confidential within 20 days of production or disclosure of such Material, or up to and including 10 days after the Court executes this Protective Order, whichever occurs later.  The parties may designate such Material as Confidential by providing the other party with written notice of the designation and copies of the Material marked Confidential. To the extent that the materials have already been produced, and are later designated as Confidential hereunder, the party in possession of previously undesignated material shall designate all such re-designated copies in their possession by stamping or labeling the Material with the legend that appears in paragraph 2.B, above.  Prior to the expiration of the review period noted above, each party shall treat all Material produced or disclosed as Confidential Information, unless the parties otherwise agree or the Court otherwise orders.

E.    The parties may designate Material or information disclosed or conveyed during a deposition or other proceeding as Confidential either on the record at the proceeding or within 30 days of the completion of the transcript, by notifying the opposing party that the Material or information is Confidential, and that the Material and/or the Confidential portion of the transcript is subject to this Protective Order.  Prior to the expiration of this 30-day review period, the parties shall treat all Material disclosed or conveyed during a deposition or other

proceeding as Confidential Information, unless the parties otherwise agree or the Court otherwise orders.

3. <u>Challenge To Confidentiality Designation</u>. The parties may challenge the designation of any Material as Confidential under this Protective Order by notifying the opposing party's counsel in writing of the challenge. Such written notification shall include the identity of each Material to which the challenge is directed, and the specific basis supporting the challenge. Any such challenge must be made, if at all, within 30 days of any party's designation of such Material, or within 30 days of the execution of this stipulation (i.e. the latest date upon which both parties have signed the agreement), whichever is later. Within 14 days of receipt of any challenge, the parties shall meet and confer regarding the challenge in an effort to resolve the matter informally. If the parties are unable to resolve the matter informally following such meet and confer, then the party seeking to alter the Confidential designation shall file a motion with this Court pursuant to the procedures set forth in Local Rule 37-2 seeking a determination of whether the documents are Confidential as defined in paragraph 2.A, above. The Material in question will be considered Confidential Information and remain under the protection of this Protective Order pending ruling on the motion.

4. <u>Filing Confidential Information With The Court</u>. Unless a party obtains prior written permission from the opposing party, or secures an order of this Court after giving appropriate notice to all interested persons, a party in receipt of another party's Confidential Information shall not file such information in the public record, except under seal pursuant to the procedures set forth in Local Rule 79-5. In the event that documents are filed under seal, the parties agree to comply with the Local Rules concerning filing the appropriate supporting documents to submit materials under seal.

5. <u>Limitations On Use And Disclosure Of Confidential Information</u>. The parties shall not use Confidential Information for any purpose other than the

prosecution or defense of this Action. Accordingly, the parties may disclose Confidential Information to the following persons only:

    A.    The parties, the parties' counsel, and personnel employed by the parties' counsel who are assisting in the prosecution of the Action;

    B.    Outside experts, consultants, or investigators whom the parties retain to assist in connection with this Action under the conditions described in paragraph 6, below;

    C.    The United States District Court for the Central District of California and its personnel, or other persons acting on its behalf, in accordance with the provisions of paragraph 4, above;

    D.    Stenographic reporters engaged for proceedings in connection with this Action and their staff, provided that the reporters and their staff have executed a copy of the "Agreement to be Bound by Protective Order" attached hereto as Exhibit "A";

    E.    Any mediator retained by the parties in this Action, provided that the mediator has executed a copy of the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and

    F.    Nothing in this Protective Order prevents or restricts Godiva and Ghazal from using or disclosing their own Material or information in connection with this Action, regardless of whether such Material or information has been designated Confidential in accordance with this Protective Order.

    6.    <u>Disclosure Of Confidential Information To Experts, Consultants, And Investigators</u>.

    A.    Before a party discloses or conveys Confidential Information to any expert, consultant, or investigator, the expert, consultant, or investigator must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A. A person who has executed the Agreement to be Bound by Protective Order is not required to

sign a separate agreement each time he or she is subsequently given access to Confidential Information.  An expert, consultant, or investigator who is shown Confidential Information may retain copies of the Confidential Information subject to the provisions of paragraph 7, below.

   B. The original, executed Agreement to be Bound by Protective Order signed by a person receiving Confidential Information pursuant to paragraph 6.A must be maintained by the attorney of record who obtained the agreement.

  7. <u>Completion Of Litigation</u>.  Within 30 days after final termination of this Action, including the expiration of all rights to judicial review, the parties shall return all Confidential Information to the producing party, including originals and all copies thereof, and all notes made therefrom or, in the alternative, destroy such documents and send written notice to the opposing party confirming destruction of the Confidential Information.  The parties are not required to return any pleadings, discovery requests, documents filed with the Court, or attorney work product.  The provisions of this Protective Order restricting the dissemination, disclosure, or other use of Confidential Information continue to be binding on the parties and any other person subject to the terms of this Protective Order after the conclusion of this Action.

  8. <u>Disclosure Of Confidential Information In Other Proceedings</u>.  In the event that the parties or their attorneys receive a subpoena or other process or order to produce Confidential Information in another action or proceeding, the parties and their counsel shall, no later than 14 days before compliance with the subpoena or other process or order, notify the opposing party's attorneys of record and specify the information sought by the subpoena or other process or order.

  9. <u>Right To Seek Relief From The Court</u>.  Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person: (i) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected attorney work product or

protected by any applicable privilege, Material as to which the party or person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (ii) to seek to modify or obtain relief from any aspect of this Protective Order; (iii) to object to the use, relevance, or admissibility at trial of any evidence, whether or not such evidence consists of Confidential Information governed by this Protective Order; (iv) to otherwise require that discovery be conducted according to governing laws and rules; or (v) to oppose production of any Material or information on any ground allowed under the Federal Rules of Civil Procedure, or any other applicable law, rule, or regulation.

10. Except as described herein, this Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information.

11. This Protective Order shall become effective after it is executed by all counsel and signed and entered by the Court.

12. This Protective Order does not purport to impose duties on the Court or its personnel beyond the duties outlined in the Court's Local Rules and the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _March 30, 2011_

_____
UNITED STATES DISTRICT COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27    EXHIBIT A
28

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name], hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in connection with the action pending in the United States District Court for the Central District of California, Case No. CV10-7840-R(JCx), entitled *Kristie Ghazal v. Godiva Chocolatier, Inc.*, has read it, understands the limitations it imposes on the use and disclosure of material or information designated as "Confidential Information," and agrees to be bound by all of its provisions.

The undersigned understands that all Confidential Information as defined in this Protective Order, including but not limited to all copies thereof or notes made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to the counsel of record for Defendant or Plaintiff.

Dated: _____        _____
                                                    (Signature)

                Name: _____

                Business Address: _____
                _____

IRI-18593v1